### PEOPLE ex rel. EVERSON v. LORILLARD et al.

*(Supreme Court, General Term, First Department.    June 1, 1892.)*

STATUTES—AMENDMENTS—SETTING OUT AMENDED PORTIONS.

Laws 1890, c. 249, §, 2, providing that proceedings for the acquisition, by the city of New York, of real estate for public use, shall be in accordance with the provisions of Laws 1883, c. 490, and all payments for said property, and for expense of acquiring the same, shall be made in the manner and out of the money provided in said last-mentioned act, is not in conflict with Const. art. 3, § 17, declaring that no act shall be passed making any existing law a part of said act, or be applicable under it, except by inserting it in such act.    *In re Lorillard*, (Sup.) 13 N. Y. Supp. 83, followed.

Application by Duane S. Everson for *mandamus* against Jacob Lorillard and another.    Writ was granted.    Defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*David J. Dean,* for appellants.    *H. D. Hotchkiss,* for respondent.

PER CURIAM.    The order appealed from provides "that a peremptory writ of *mandamus* be issued,    *    *    *    directed to the counsel to the corporation, requiring him to take charge of and conduct    *    *    *    any and all proceedings that may be authorized by law for the appointment of three disinterested persons    *    *    *    as commissioners of appraisal to ascertain and appraise the compensation to be made to the owners" of property to be taken adjacent to the Washington bridge over the Harlem river, pursuant to chapter 249 of the Laws of 1890.    The sole question presented upon this appeal is as to the constitutionality of the act.    Upon the former appeal this was directly passed upon by the general term of this court, Mr. Justice DANIELS having written an opinion which was concurred in by all the judges.    *In re Lorillard,* (Sup.) 13 N. Y. Supp. 83.    The conclusion reached, which was favorable to the constitutionality of the act, is a controlling and binding authority upon us.    The order appealed from should therefore be affirmed, with $10 costs and disbursements.